IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

THERESA L. LANE,

        Plaintiff,                    Case No. 3:10-cv-467

vs.                                               Judge Thomas M. Rose

MICHAEL J. ASTRUE,                 Magistrate Judge Michael J. Newman
Commissioner of Social Security,

        Defendant.

_____

**ENTRY AND ORDER OVERRULING LANE'S OBJECTIONS (Doc. #12) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #11) IN ITS ENTIRETY; AFFIRMING THE COMMISSIONER'S DECISION THAT LANE WAS NOT DISABLED PRIOR TO JANUARY 14, 2009; AND TERMINATING THIS CASE**

_____

Plaintiff Theresa L. Lane ("Lane") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that she was not disabled and, therefore, not entitled to Social Security disability benefits before January 14, 2009. On December 19, 2011, United States Magistrate Judge Michael J. Newman ("Magistrate Judge Newman") entered a Report and Recommendations (doc. #11) recommending that the Commissioner's Decision be affirmed. Lane subsequently filed Objections (doc. #12) and the time has run and the Commissioner has not responded to Lane's Objections. This matter is, therefore, ripe for decision.

Lane filed applications for disability insurance benefits ("SSD") and supplemental

1

security benefits ("SSI") on September 16, 2004, alleging disability due to epilepsy, a tear in the rotator cuff of her right shoulder, arthritis, irritable bowel syndrome, migraines, sever acid reflux disorder, a hiatal hernia, diverticulitis, depression and chronic bronchitis. The alleged onset date was January 16, 2004.

The Commissioner denied Lane's applications initially and on reconsideration. Administrative Law Judge ("ALJ") Thomas McNichols held a hearing following which he determined that Layman is not disabled. The Appeals Council denied Lane's request for review and ALJ McNichols' decision became the Commissioner's final decision.

Lane then appealed to this Court pursuant to 42 U.S.C. § 405(g). Subsequently, based upon a joint motion, the Court remanded the matter to the Commissioner for further administrative proceedings. On remand, the Appeals Council vacated ALJ McNichols' decision and remanded the matter back to ALJ McNichols for further proceedings.

ALJ McNichols then held a second administrative hearing on September 1, 2010. He then issued a decision that Lane was not disabled prior to January 14, 2009, but became disabled on that date. This decision became the Commissioner's final decision and Lane has again appealed to this Court pursuant to 42 U.S.C. § 405(g).

After considering the Administrative Record and briefing by the Parties, Magistrate Judge Newman issued a Report and Recommendations recommending that the Commissioner's decision that Lane was not disabled prior to January 14, 2004 – her fiftieth birthday – be affirmed. Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #10) and in Lane's Objections (doc. #11), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript, and a

thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing, affirms the Commissioner's decision that Lane was not disabled prior to January 14, 2009.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th

Cir. 2004)).

In this case, the ALJ applied the correct legal criteria and the ALJ's decision is supported by substantial evidence. WHEREFORE, based upon the aforesaid, Lane's Objections to the Magistrate Judge's Report and Recommendations are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge in its entirety. The Commissioner's decision that Lane was not disabled prior to January 14, 2009, is affirmed. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Seventh Day of January, 2012.

.                                             **s/Thomas M. Rose**
                                              _____
                                              JUDGE THOMAS M. ROSE
                                              UNITED STATES DISTRICT COURT

Copies furnished to: Counsel of Record